UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

Civil Action No.:    1:23-cv-3416

EXPERT PROPERTY MANAGEMENT LLC, a Wyoming limited liability company,

    Plaintiff,

v.

DENNIS MCLIN,

ALLISON MCLIN,

MCLIN COMMERCIAL BROKERAGE, LLC, a Colorado limited liability company; and

4402 KANO LLC, a Colorado limited liability company

    Defendants.

**COMPLAINT FOR FRAUDULENT MISREPRESENTATION, FRAUDULENT CONCEALMENT, CIVIL CONSPIRACY AND UNFAIR TRADE PRACTICES. JURY TRIAL DEMANDED**

Plaintiff Expert Property Management, LLC states the following for its Complaint for fraudulent concealment, fraudulent misrepresentation, civil conspiracy, and violations of Colorado's Unfair and Deceptive Trade Practices Act (C.R.S. § 6-1-105), against Defendants Dennis McLin, Allison McLin, and Colorado limited liability companies McLin Commercial Brokerage, LLC and 4402 Kano, LLC.

## NATURE OF THE ACTION

1. Plaintiff EXPERT PROPERTY MANAGEMENT, LLC is a Wyoming limited liability company in the business of investing in real property and other legal purposes.

2. Defendants, are individuals and corporate entities, the previous owners of the real property it issue, 4406 Kano Dr., Fort Collins, CO in Larimer County, all doing business in Colorado.

3. DENNIS McLIN is a registered realtor and real estate broker in the state of Colorado, who owns MCLIN COMMERCIAL BROKERAGE, LLC.

4. 4402 KANO LLC is a limited liability company doing business in Colorado, that was seemingly created to limit the liability of DENNIS MCLIN and ALLISON MCLIN and the business dealing of the 4402 KANO LLC in business relating to the purchase, sale and other commercial purposes for which properties at 4402 Kano Dr and 4406 Kano Dr., Fort Collins, CO 80526, previously owned by 4402 KANO LLC.

5. 4402 KANO LLC previously purchased the real property at 4406 Kano Dr., Fort Collins, CO 80526 and sold that property to EXPERT PROPERTY MANAGEMENT, LLC for $800,000.00.

## PARTIES

6. Plaintiff EXPERTY PROPERTY MANAGEMENT, LLC is a limited liability company organized and existing under the laws of Wyoming, at 1712 Pioneer Ave STE 500, Cheyenne, WY 82001.

7. Defendant Dennis McLin is an individual residing in Denver CO.

8. Defendant Allison McLin is an individual residing in Denver, CO.

9. Defendants 4402 Kano LLC and McLin Commercial Brokerage, LLC are limited liability companies organized and existing under the laws of Colorado, with their principal places of business located at 5294 Vallejo St., Denver, CO 80221.

10. Both Dennis McLin and Allison McLin are members 4402 Kano LLC, a Colorado limited liability company.

## JURISDICTION AND VENUE

11. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332 as plaintiff is a Wyoming corporate entity and defendants are all domiciled and doing business in the State of Colorado.

12. Venue is proper in Federal Court in the District of Colorado at Denver because the property subject to this dispute is located within Larimer County, and a substantial part of the events giving rise to the claims occurred within this jurisdiction of the State of Colorado.

## FACTS

13. In Spring 2022 plaintiff contacted defendant Dennis McLin and inquired about real property that Mr. McLin marketed for sale on Facebook.

14. Communications between plaintiff and Dennis McLin led to plaintiff's eventual purchase of the property, with the legal description: "N ½ of Lot 17, Thompson Lakeside" and "The North 50 feet of Lot 17, Thompson's Lake Subdivision" in Larimer County, Colorado.

3

15. On 04/26/2022, Plaintiff entered into an agreement to purchase the real property with the legal description above, located at 4406 Kano Dr., Fort Collins, CO 80221 (the "Property") from Defendant 4402 Kano, LLC, a Colorado limited liability company owned by Dennis McLin, who was acting as a licensed real estate broker, and his company 4402 Kano LLC.

16. 4402 Kano Dr. is the address of a separate property previously owned by 4402 Kano LLC, adjacent to the 4406 Kano Dr. property.

17. The sale of the Property to Plaintiff only occurred after the Defendants all marketed the property public on social media, and communicated with plaintiff, plaintiff's principle Dave Drum and the plaintiff's principle's wife, Linda Drum.

18. Dennis McLin's Facebook page from April 9, 2022 advertised the selling of the Property, with 18 photographs, and states "Anyone looking to buy a lake house? We decided to sell our AirBnb, if you have questions sent me a text!"[1]

19. Lynda Drum, wife of the principal of Expert Property Management LLC responded to the post "Actually yes. Please [private message] me the info."[2]

20. Prior to purchase, Defendants provided plaintiff a profit-loss statement for 2021 showing a significant profit as a short-term rental or AirBnb or VRBO (AirBnB and

---

[1] Exhibit 2 – Screenshot of Dennis McLin Facebook page post from April 9, 2022 (from Facebook 5/9/2023).
[2] Id.

"Vacation Rental By Owner") noting that the revenue was generated from rental income over earned during summer 2021.[3]

21. Accordingly, defendant Allison McLin took Lynda Drum to lunch prior to the sale of the Property informing her about the AirBNB/VRBO processes that were being used to assist in renting the Property.

22. In conversations and communications with the plaintiff, as a prospective buyer, defendants withheld material information about the Property from the plaintiff, including as multiple violations from Larimer County, and the fact that the Property's neighborhood contains a recorded covenant prohibiting the use of the property as a short-term rental or Airbnb/VRBO.

23. Plaintiff was led to believe that the property was a three bedroom, two bath house without issues with the county, and was an operable turn-key short-term rental/Airbnb/VRBO.

24. However, the property was converted to a three bedroom, two bath residence from a two bedroom, one bath home, and this construction was not permitted.

25. Defendants withheld facts of the non-permitted construction on the Property, and other material information that if disclosed would never have justified anything approaching an $800,000 sale price; and plaintiff would not have purchased the property for that price.

---

[3] Exhibit 1 – Profit Loss statement 2021.

26. Defendants did not clearly state or disclose in the real estate disclosures to alert their prospective buyer that the property had received violations from Larimer County due to un-licensed or un-permitted construction on the property.

27. Real estate disclosures are mandated by the state of Colorado and attached to the sale documents.

28. The disclosure documents[4] indicated that McLin Commercial Brokerage was acting as an agent for the seller 4402 Kano LLC.

29. Neither seller 4402 Kano LLC, nor Dennis McLin acting in any capacity, including that as real estate broker for 4402 Kano LLC, made efforts to correct any mistaken real estate disclosures.

30. Dennis McLin and 4402 Kano LLC acted as the alter-ego for one another interchangeably during the leadup to the sale of the property.

31. Clearly, Dennis McLin had actual knowledge of the multiple code violations from Larimer County on the property, and did not disclose those violations to plaintiff in the Real Estate Disclosures, or otherwise.

32. Any knowledge that Dennis McLin received was also knowledge that was 'known' by 4402 Kano LLC (seller) and McLin Commercial Brokerage (seller's agent in the sale of the property), as he is the principle owner of both LLCs.

33. The failure to provide full real estate disclosures to plaintiff in the course of the sale, was a failure of all defendants.

---

[4] Exhibit 3 – Real Estate Disclosure

6

34. Prior to the sale, defendant Dennis McLin stated to plaintiff's principle that the property had all new of the plumbing, and only after purchase of the property did it become apparent that what Mr. McLin meant was that only some of the plumbing was new, after plumbing issues arose and it was clear old pipes under the garage slab had not been replaced.

35. Dennis McLin, individually, or speaking on behalf of 4402 Kano, LLC, also promised that the property adjacent was owned by McLin and would be developed into a multi-million-dollar property and posted a photo on Facebook showing what was planned to be built. No development has occurred, and McLin allowed the house to be foreclosed upon due to tax lien.

36. Dennis McLin is a real estate professional, and plaintiff believed that Mr. McLin's professional credentials provided good reason to believe that McLin not only understood the laws surrounding and advertisement of real property, and would abide by those laws.

37. Defendant Dennis McLin is a licensed realtor and real estate broker in the state of Colorado, and owner of McLin Commercial Brokerage, LLC.

38. Specifically, the closing documents, defendants made real estate disclosures using the Colorado Real Estate Disclosures form SPD19 for the "Seller's Property Disclosure (Residential), dated April 26, 2022.[5]

---

[5] Exhibit 3 - Real Estate Disclosures

39. In the real estate disclosure, the Defendants 4402 Kano LLC, Dennis McLin, and McLin in his position as seller's agent avoided making complete disclosures in accordance with Colorado state law.

40. The real estate disclosures made with the sale, dated 4/26/2022, included two affirmative disclosures: 1) "Yes" (box checked). Email sent to Buyer on April 12, 2022 regarding AirBnb and configuration (in section II. L. Use, Zoning & Legal Issues); and 2) "Owner has not lived in the property it has only been a rental property for Family Friends and AirBNB" (In Section II. P. Other disclosures – General, although the "Yes" box was not checked.) [6]

41. The previous disclosure referenced an email sent to plaintiff 4/12/2022, and this email was not part of the closing documents.

42. The email in question was sent to plaintiff from Defendant Dennis McLin from his Mclin Commercial email stating: "This is the information we got from the county, here are steps that need to be take (sic) to have property **remain** as an Airbnb they are outlined here." (emphasis added)

43. The email in question is attached contained an email forwarded from Larimer County planner Tawn Hillenbrand dated March 22, 2022 and in the email wrote,

> That said, we would like to bring to your attention that there may be some additional concerns with the subject property that would need to be addressed prior to seeking approval for a STR. In our quick review of the subject property, staff noted that the legal description for the property located at 4406 Kano Drive is North 1/2 of Lot 17, Thompson's Lakeside. This would suggest a possible legal lot issue. Additionally, a note on the recorded plat for Thompson's Lakeside states that "no building or other structure shall be built upon said subdivision for commercial use or purposes." Meaning that a short-term rental, which

---

[6] See Exhibit 3 - Real Estate Disclosures

is defined as commercial use, would not be permitted on any lot in the Thompson's Lakeside subdivision. An Amended Plat would be required to remove the note that restricts the uses.

44. The covenant that restricted the use of the property as a short-term rental was not a part of the closing documents.

45. As a part of Disclosures <u>Section II. L. Use, Zoning & Legal Issues</u>, seller did not check the box for "Violation of restrictive covenants or owners' association rules or regulations"; or the box for "Other legal action".[7]

46. Neither is the disclosure affirmatively marked for "building code, city or county violations" in the same section of the disclosures.

47. Previously, and unbeknownst to plaintiff, on May 4, 2020 – Larimer County opened code case: 20-CCC0157, noting specific violations of county code.

48. The May 4, 2020 Code violation's description of the problem was written as:

> Research of your property due to your illegal operation of a short-term rental discovered that that third bedroom and second bathroom were constructed without a building permit. A permit and inspection approvals are required. STOP RENTING THE DWELLING SHORT TERM, LESS THAN 31 DAYS, IMMEDIATELY! A cease and desist letter was sent to you last week. Zoning approval is required for renting a dwelling short term in unincorporated Larimer County. Please contact me for options.[8] [9]

49. Similarly, the check-box for "any additions or alterations made" was also left unchecked.

---

[7] Exhibit 3 - Real Estate Disclosures at p.6
[8] Exhibit 4 - Larimer County Violations at p.2 ("Opened 5/4/2020")
[9] See Exhibit 3 – Real Estate Disclosures at p.1 stating "Year Built: 1965 / remodeled 1978".

9

50. Seller 4402 Kano LLC, Mr. McLin, and McLin Commercial Brokerage knew or should have known that several of the disclosure boxes should have been checked and disclosed to the buyer.

51. Under the guise that the property was an operable Short-Term Rental/AirBnb/VRBO, with lucrative potential for profits buyer purchased the property at the sale price of $800,000.

52. The $800,000 price is completely unjustifiable if the proper disclosures were made, as it was only justified by this lie that the property could remain a short-term rental that profited in excess of $43,000 the previous year.

53. Shortly after the purchase of the property, plaintiff received a cease-and-desist notice from Larimer County indicating that the Property could not be operated as an AirBnb or short-term rental.

54. Further investigation by the plaintiff unearthed the Larimer County code complaints on the property dating back to 2020 and as recent as 3/5/2022.[10]

55. Defendant 4402 Kano LLC continues to exist and is currently owner-financing the sale of the property to plaintiff.

56. After the purchase and learning of the multiple issues and violations from Larimer county of the property, plaintiff spent significant resources to get the property up to code with the county after the prior remodel occurred without proper permitting.

---

[10] Exhibit 4 – Larimer County code violations

57. All payments for the property have been made to the personal bank account of defendant Allison McLin.

58. After Plaintiff provided notice to the defendants of their claims related to the acts and omissions of defendants related to the sale of this property, Plaintiff began placing the amounts of money monthly that equal his monthly payments into an escrow account.

59. Defendants has given no credence to plaintiffs demands or statements regarding all payments being placed into escrow monthly instead of being made to defendants.

60. Defendants have since initiated foreclosure proceedings on the property in Larimer County, "Foreclosure Sale No. 2023-0157" seeking an outstanding balance of $680.850.00 – and set for public auction on Wednesday 1/24/2024 at 10:00am.

## CAUSES OF ACTION

### COUNT I - Fraudulent Concealment – Nondisclosure of Larimer County Violations

61. Plaintiff realleges and incorporates all previous paragraphs.

62. Defendants concealed material facts that in equity and good conscience should have been disclosed.

63. Defendants, having been served notices from Larimer County about the status of the real property at issue 4406 Kano Dr., knew that their real estate disclosures did not contain the information about the code violations from Larimer County.

64. Defendants ignored the fact that they concealed this information from plaintiff in the process of selling plaintiff the property.

65. Defendants should have specifically noted the all Larimer County Code compliance violations found in Exhibit 4.

66. Instead of disclosing this information, defendants produced a single email to plaintiff which noted that outlined steps that would be needed for the property to "remain as an AirBnb" – knowing fully that the property could not be operated as an AirBnb.

67. The final sales documents provided to plaintiff to sign at the title company that assisted with the transaction, Chicago Title, did not contain the plat map for the property which contained the relevant covenant.

68. The Covenant that was not disclosed, a requires that each and every homeowner on the plat (basically in the whole neighborhood) would need to affirmatively agree that an AirBnb or short-term rental could be granted license or otherwise a variance from the plat's covenant against commercial use of the property.

69. Defendants intended to sell the property having concealed this information and did sell the property to plaintiff.

70. Defendants action of concealment has caused plaintiff damages.

71. Had plaintiff known that the property could not be used as an AirBnb or short-term rental without the entire neighborhood amending a covenant that plaintiff had no knowledge existed, plaintiff would not have purchased the property for the amount $800,000.00 – as the price was directly related to the being able to operate the property as a short-term rental for part of the year to cover costs.

### Count II: Fraudulent Misrepresentation
(Plaintiff v. all defendants)

72. Plaintiff realleges and incorporates all previous paragraphs.

73. Defendants jointly and individually made multiple false statements and misrepresentations to the plaintiff to induce the plaintiff into purchasing the property, including:

    a. the property was an operable short-term rental, AirBnb or VRBO;

    b. that based upon previous data provided to plaintiff, that property was a profitable short-term rental that earned $43,000 the in 2021;

    c. the property at the time of purchase was a 3 bedroom and 2 bath home; but to the knowledge of Larimer County no such and permitting remained a is a 2 bedroom and 1 bath house;

    d. the property had all new plumbing;

    e. that defendants would develop the adjacent property building a multi-million dollar home on that property in the immediate future (which has never happened);

    f. seller's real estate disclosures outlining the nature of the property being purchased, did not include the covenants restricting the property from being operated as a short-term rental/AirBnb/VRBO.

74. Dennis McLin acting individually or as his alter-ego 4402 Kano, LLC, as did Allison McLin, made statements that the property was an operable short-term rental, making

13

profits of $43,000 in the prior summer having only rented the property for 77 days which could be replicated.

75. Dennis McLin also stated to plaintiff that the property had all-new plumbing, that he would develop a multi-million dollar property next door and a list of real estate disclosures intentionally failed to disclose known and adverse information.

76. Defendants, during the process of advertising, marketing, otherwise influencing plaintiff, and completing the sale of the property to the plaintiff, made false representations of a material facts while knowing that the representations were false – and knowing that plaintiff would rely on defendant's representations.

77. Plaintiff relied upon the defendants' misrepresentations and seek relief.

78. Plaintiff, based on the circumstances, was justified in its reliance upon the misrepresentations of Defendants.

79. Plaintiff was caused damages by the relied upon misrepresentations by the defendants.

## Count III: Fraudulent Concealment
(Plaintiff v. 4402 Kano LLC, Dennis McLin and McLin Commercial Brokage)

80. Plaintiff realleges and incorporates all previous paragraphs.

81. Defendants 4402 Kano LLC, Dennis McLin and McLin Commercial Brokage concealed material and adverse facts from plaintiff to induce the sale of the property.

82. These defendants owed independent duties to provide the plaintiff as the purchaser of the property with full disclosures of all known material and adverse facts related to the property.

14

83. Defendants concealed information and did not fully disclose to the level necessary, and failed to meet their duty.

84. Defendants concealed knowledge that the property was altered or remodeled into a 3 bedroom, 2 bath residence without properly permitted contractors or proper Larimer County oversight.

85. Defendants concealed the fact that the residence was previously a 2 bedroom and 1 bath residence as known by Larimer County, knowing that they had altered the premises in violation of Larimer County code, and received violations for their unpermitted construction to the property.

86. Defendants intentionally concealed the fact that they knew the property had received violations from Larimer County regarding code compliance.

87. Defendants intentionally withheld from plaintiff the fact that Larimer County would not allow the property to be used and operated as a short-term rental/AirBnb/VRBO.

88. Defendants had duties to disclose this information to plaintiff.

89. Defendants, concealing this information, harm plaintiff and caused plaintiff damages.

## COUNT IV: Civil Conspiracy
(plaintiff v. all defendants)

115. Defendants acted in concert as two or more persons.

116. Defendants had a clear objective to accomplish, the selling of the property for an exorbitant price and massive profits without making full disclosures to the plaintiff, and accomplished that objective when the sale was completed.

15

117. There was a meeting of the minds between the various defendants, all acting to accomplish their goal.

118. An unlawful and overt act was undertaken and completed.

119. Defendants acts were the proximate cause of the damages to plaintiff.

### Count V: Unfair or Deceptive Trade Practices Act (C.R.S § 6-1-105 (Consumer Protection Act))

101. Plaintiff realleges and incorporates all previous paragraphs.

102. Defendants represented that the property being sold was of particular standard, quality, or grade, and knew or should know that they are of another;

103. In failure to make proper disclosures of all known material and adverse facts, and affirmatively making statements about the property, defendants violated the Consumer Protection Act, § 6-1-105(g) and § 6-1-105(u).

104. Defendants failures to disclose information about the property were known to defendants at the time of the advertisement of the property and was intended to induce the plaintiff, and did in-fact induce the plaintiff to enter into the transaction to purchase the property.

105. Defendants actions were violations of § 6-1-105(u).

106. The acts of defendants caused harm to plaintiff.

### COUNT VI: Injunctive Relief to halt foreclosure

107. Plaintiff realleges and incorporates all previous paragraphs.

108.     Based upon the abundance of fraudulent concealment and misrepresentations by defendants, plaintiff requests this court grant injunctive relief enjoining defendants from continuing any foreclosure process in this matter until the conclusion of this case.

### Prayer for Relief

WHEREFORE, Plaintiff EXPERT PROPERTY MANAGEMENT, LLC respectfully requests that this Court enter judgment in its favor and against Defendants, and grant the following relief:

1. JURY DEMAND. EXPERT PROPERTY MANAGEMENT, LLC hereby demands a jury trial on all issues so triable.
2. Compensatory damages in an amount to be determined at trial, and to include;
    a. all monies paid on the property at purchase;
    b. all monies paid to any defendants since purchase;
    c. all monies spent on the property by plaintiff.
3. Rescission of the note and deed of trust related to the Property.
4. Compensation for any medical expenses incurred or to be incurred by Plaintiff due to potential exposure to toxic particles from the non-permitted construction.
5. All damages and fees prescribed by Colorado statutes for consumer protection, C.R.S § 6-1-105.
6. Costs and attorney's fees incurred in this action.
7. Pre-judgment and post-judgment interest.
8. Such other and further relief as this Court deems just and proper.

Dated this 22nd day of December, 2023.

                                                */s/Christopher V. Hoke*_____
                                                Counsel for Plaintiff